UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BANKERS INSURANCE COMPANY, et al.,

    Plaintiffs,

v.                                                CASE NO: 8:10-CV-419-T-27EAJ

DLJ MORTGAGE CAPITAL, INC., et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the Magistrate Judge's Report and Recommendation (Dkt. 43), which recommends that Bank of New York Mellon's motion to dismiss (Dkt. 39) be granted in part and denied in part. Both parties filed objections (Dkts. 44, 47) and responded to those objections (Dkts. 51, 52). Upon consideration of the Report and Recommendation, the parties' objections and responses, and Plaintiffs' notice of supplemental authority (Dkt. 53), and having conducted an independent examination of the file, the Court is of the opinion that the Report and Recommendation (Dkt. 43) should be adopted, confirmed, and approved in all respects.

### Discussion

The parties are entitled to *de novo* review of any portions of the Report and Recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

**A.**    **The no-action clause**

The pooling and servicing agreements ("PSAs") contain a "no-action" clause which imposes certain restrictions on suits brought by certificateholders such as Plaintiffs. The clause provides:

> No Certificateholder shall have any right by virtue or by availing itself of any provisions of this Agreement to institute any suit, action or proceeding in equity or at law upon or under or with respect to this Agreement, unless such Holder previously shall have given to the Trust

> Administrator a written notice of an Event of Default and of the continuance thereof, as provided herein, and unless the Holders of Certificates evidencing not less than 25% of the Voting Rights evidenced by the Certificates shall also have made written request upon the Trust Administrator to institute such action, suit or proceeding in its own name as Trust Administrator hereunder and shall have offered to the Trust Administrator such reasonable indemnity as it may require against the costs, expenses, and liabilities to be incurred therein or thereby, and the Trust Administrator, for 60 days after its receipt of such notice, request and offer of indemnity, shall have neglected or refused to institute any such action, suit or proceeding . . . .

(Dkt. 36-8; Am. Compl. Ex. F, PSA § 12.07).

Bank of New York Mellon ("BNYM") concedes that Plaintiffs need not comply with the pre-suit demand requirement because it would require BNYM to sue itself. BNYM argues, however, that Plaintiffs are not excused from satisfying the no-action clause's other provisions. BNYM made an identical argument in another case which involves the same PSAs, *Sterling Federal Bank, F.S.B. v. DLJ Mortgage Capital, Inc.*, No. 09 C 6904, 2010 WL 3324705 (N.D. Ill. Aug. 20, 2010) ("*Sterling I*"). The court was not persuaded, noting the lack of authority for "parsing the no-action clause's requirements in this fashion." 2010 WL 3324705, at *4. The Magistrate likewise rejected BNYM's argument, agreeing with *Sterling I* that the authorities cited by BNYM implicitly held that no-action clauses are inapplicable where the demand would require a trustee to sue itself. *See id.*; *Cruden v. Bank of N.Y.*, 957 F.2d 961, 968 (2d Cir. 1992); *Peak Partners, LP v. Republic Bank*, 191 F. App'x 118, 126 n.11 (3d Cir. 2006).

BNYM objects that neither *Cruden* nor *Peak Partners* explicitly considered whether to apply specific portions of the no-action clause. After the Magistrate entered the R&R, the court in *Sterling* addressed this argument:

> It is true, as BNYM points out, that neither *Cruden* nor *Peak Partners* explicitly addressed whether the no-action clauses in those cases should be enforced in the piecemeal fashion that BNYM advocates here. They simply held that the clauses did not apply to the plaintiffs' claims against the trustees, and we agree. We see no basis, then, to reform the contract

> to make the 25% voting-rights term (for example) a freestanding requirement applicable to suits against the trustee. . . . If the parties had wanted to impose such a restriction on suits against the trustee, they should have done so explicitly.

2011 WL 1792710, at *2 (N.D. Ill. May 11, 2011) ("*Sterling II*") (footnote and citation omitted). This Court agrees.

BNYM contends that the Magistrate failed to address its argument that the demand requirement should be severed. However, the Magistrate found no reason to sever that provision because "the purpose behind Section 12.07 confirms that it is wholly inapplicable to Plaintiffs' claims against BNYM." (Dkt. 43 at 6). The court in *Sterling II* rejected BNYM's argument for the same reason: "The no action clause is not 'invalid' as applied to BNYM. It does not apply to BNYM at all." 2011 WL 1792710, at *2. The Court agrees with the Magistrate and the district court in *Sterling II* that the no-action clause, as a whole, is inapplicable to actions against BNYM, and therefore, the demand requirement is not properly severed.

**B.    Count III**

The Magistrate recommended dismissal of Count III. Plaintiffs object, relying on unpled facts, as well as an argument that certain allegations should be removed from their amended complaint. Plaintiffs cannot amend their pleading in a brief in opposition to BNYM's motion to dismiss. *See Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). Plaintiffs' objection is therefore overruled.

**C.    Count IV**

The Magistrate recommended that Count IV should not be dismissed because, although improperly labeled a claim for breach of fiduciary duty, Plaintiffs nonetheless stated a cause of action under New York common law for breach of the duty to perform non-discretionary ministerial tasks with due care. BNYM contends that the R&R is "at odds with controlling law" because the duty to perform non-discretionary ministerial tasks does not equate to a fiduciary duty. BNYM misconstrues

the R&R. The Magistrate specifically noted, "That duty, however, is not a 'fiduciary' duty." (Dkt. 43 at 8-9) (citing *AG Capital Funding Partners, L.P. v. State St. Bank & Trust Co.*, 866 N.Y.S.2d 578, 584 (N.Y. 2008)). The Magistrate found that Plaintiffs stated a cause of action, albeit not one for breach of fiduciary duty, and therefore Count IV is not subject to dismissal. The Court agrees. *See Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *see also Sterling II*, 2011 WL 1792710, at *3.

**D.     Damages**

BNYM submits that the amended complaint failed to allege a causal link between BNYM's actions and Plaintiffs' damages. The Magistrate rejected this argument because "[a]lthough Plaintiffs' damages ultimately stemmed from problems in the mortgage pool, Plaintiffs plausibly state that BNYM's failure to provide information to ratings agencies and the certificateholders impeded Plaintiffs' ability to mitigate those damages." (Dkt. 43 at 10). BNYM objects that Plaintiffs' reliance on what a third party may have done fails to establish a causal link between BNYM and their damages. Again, BNYM misconstrues the R&R, as the Magistrate's conclusion was also based on the failure to provide information to "the certificateholders," including Plaintiffs. The Court agrees with the Magistrate that Plaintiffs have alleged a plausible claim for damages. *See also Sterling II*, 2011 WL 1792710, at *2.

**Conclusion**

Accordingly, it is ORDERED that

(1)     The parties' objections (Dkts. 44, 47) are OVERRULED.

(2)     The Report and Recommendation (Dkt. 43) is ADOPTED, CONFIRMED, and APPROVED and is made part of this order for all purposes, including appellate review.

(3)     BNYM's motion to dismiss (Dkt. 39) is GRANTED *in part* and DENIED *in part*. Count III of the Amended Complaint is DISMISSED without prejudice. Plaintiffs are granted leave

to amend Count III within 14 days. BNYM shall answer Counts I, II, and IV within 14 days of the filing of a Second Amended Complaint or, if none is filed, within 28 days of this order. The motion (Dkt. 39) is denied in all other respects.

(4) Because Plaintiffs have not filed a timely amendment to their claims against DLJ Mortgage Capital, Inc. and Select Portfolio Servicing, Inc. (*see* Dkt. 34), the clerk is directed to TERMINATE those Defendants.

**DONE AND ORDERED** this 21st day of June, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record